Marvin, J.
This is a proceeding in error brought for the purpose of reversing the judgment of the court of commpn'. pleas of this county. . ' .
There is filed with the petition in error a bill'of 'exceptions:, containing all the evidence in the case.
*100 i David Roebuck brought suit against The Cleveland City Railway Company, seeking.to recover damages by reason of personal injuries received by him, as he claims, at the hands of the conductor and trolley-man of a car of the railway company, in ejecting him from a car of the company on which he was a passenger on the ist day of March, 1898. The facts are that Roebuck was a passenger on a car of the railway company on the date last named, and was riding to ■the west on St. Clair street early in the morning, being on bis way to work at a manufacturing establishment where he was employed; and he was ejected from the car by the conductor and trolley-man.
The railway company insist that Roebuck was properly elected from the car for refusing to pay his fare, and that the car was standing at the time he was so ejected, and that he was, in no wise, injured by being put off the car.
, When Roebuck entered the car, he had in one hand a papkage, probably containing his noon luncheon; in the other hand, he had a piece of bread and perhaps some other article of food on which he was making his breakfast. The conductor asked for his fare more than once, and it was not paid. There is a conflict of evidence as to whether Roebuck was about to pay it when he was put off, and as to whether .the car was in motion or standing still at the time, and whether he was injured to any considerable extent.
While Roebuck’s daughter, Mrs. Holler, was upon the stand as a witness in his behalf, she testified that she and her 'father lived together; that some two or three hours after he had left the house to go to his work in the morning, he returned. Then she was asked to describe his condition -when be so returned to the house. She answered that he was very lame and his hand was done up, and that his hand w;as bandaged when he came home. Having answered fully as to the condition of the hand, she was asked this question: “Where else was he hurt,if you know?” To which she ans.wered, “He. complained of his back and his limb.” A motion was made, by the railroad company to exclude this answer from the fury;.this motion was overruled, and the.railway company'assigns this as one of the errors on the part of the court, fn support of this claim, áuthorities are cited to the *101 proposition that a non-expert may not repeat any narrative or statement of one injured, as to the symptoms, or condition of pain or suffering, past or present. . .
Attention is called to the case of the L. S. & M. S. Ry. Co. v. Yokes, 12 O. C. C. Rep., 500.
The opinion rendered by Judge Laubie in that case, goes very extensively into the question of what declarations of one who has been injured, may be given in evidence in a suit brought to recover for such injuries; and numerous áuthorities are cited. An examination of these authorities seems to establish the rule as expressed in the third clause of the syllabus, which reads:
“In such case” (an action to recover for injuries to the person,) “a non-expert, called by the plaintiff, may testify to spontaneous manifestations on her part of a present exist-' ing pain, such as screams, groans, or exclamations which are the usual and natural accompaniment of great bodily pain; but he can not. be permitted to testify to anything ip the way of a narrative or statement by the plaintiff of her symptoms, condition, pain or suffering, past or present, even although voluntarily made by way of complaint.”
We are of the opinion, however, that the question here being considered, does not come within the rule. .
No statement of Roebuck was given by Mrs. Holler, but only the fact of complaint. It was not like a narrative of any past event, or a statement of what he said, but, in effect, was, that , he simply made some complaint or exclamation as to liis' back and limb. Doubtless, she meant to convey to the jury that he complained, or that he manifested by words that he was suffering in his back and limb, although this is not what she said, but, unless she meant this, it had no application to' the case at all, and, if she did mean this, it was aiot inadmissible. ’
Complaint is further made that counsel for Roebuck was guilty' of such misconduct- in his argument to the jury' as ought to result in a reversal of the judgment.
..In his closing argument- to-the jury, Judge Noble said: “Why, Gentlemen, you -can see the working of the hand of this street laiload company; you see it over in the City Hall, *102 and all through the Court House.” Immediately upon this being said; counsel for the railroad company objected to the use of the language. Judge Noble immediately said to the jury, “I take it all back. Gentlemen of the Jury; banish it from your minds.” And the court said, “That is not propet argument.”
■ That the language used- ought not to have been used, is clear. It was calculated to prejudice the jury and divert their minds from the issues in the case on trial. But every thing seems to have been done that could have been done to remedy the mistake which was made. Counsel immediately withdrew the statement from the jury and told them to banish it from their'minds, and the court, in the presence of the jury,- said that it was not proper argument.
' We are cited to the case of Hayes v. Smith, 62 Ohio St. 162. The 8th clause of the syllabus in that case reads:
“It is a duty of the trial court, which is not merely discretionary, when counsel grossly abuses his privilege to the manifest prejudice of the opposite party, to interpose and admonish the offending counsel in regard thereto; and if it fail to do so, it is ground for a new trial.”
■ Here, before the court had an opportunity to interpose and admonish counsel, he himself withdrew his statement from the jury, told them not to regard what he had said,, and the court instructed him, in the presence of the jury, that what he had said was not proper. What more could have been done for the benefit of the railway company? It would seem that for counsel to recognize the mistake which he had made and to immediately withdraw it, and for the court then to say to him in the presence of the jury, that what he had said was improper, was fully as well for the railway company as for the court to have had to first interpose, and then counsel withdraw the statement or make excuse for having made it.
We think the case cannot be reversed by reason of what was said in the argument.
• But it is said that the verdict is not sustained by the evidence.- As has already been said, there is a conflict in the evidence as to just what occured upon the car when Roebuck *103 was ejected. There is evidence tending to show that his conduct upon the car, and his treatment of the demand of the conductor for his fare, were-most objectionable and such as would justify his being put off from the car. On the other hand, there is evidence tending to show that Roebuck was in the act of getting out his money to pay his fare when he Was put off. But, in no event, would the conductor be jus* ified, under the circumstances of this case, in ejecting Roe-buck from the car while it was in motion; and, if he did so eject him. and he received greater injury than he would have received if he had been put off the car when it was at a standstill, he would be entitled to recover.
The evidence as to the extent of the injuries which Roebuck received, is very unsatisfactory. The only physician who seems to have been called, was Dr. A. M. Baldwin; he says that he found a small abrasion on the left hand; that no bones were injured; that the abrasion was about the size of a silver ten-cent' piece, and that, aside from this injury, he obtained no information as to any injury,- except that Mr¿ Roebuck said that something was the matter with one of his knees, but he would not permit an examination because, he said, it did not amount to anything.
The weight to be given to the testimony of this physician is sought to be affected by the fact that he tesifies he was called with some frequency by the surgeon of the railroad company to look after people injured in accidents on the railroad. But he was called in this case, by the injured man or those acting for him, and, as already said, no other physician was called at all.
The injury happened on the first of March. Roebuck went to the factory after his injury and, after working about an hour, went home. He did not work on the 2nd, 3d and 4th of the month; on Saturday, the 5th, he worked nine hours; he worked every day of the next two weeks, and then was discharged from the employment of the company. He afterward went to Colorado, and there remained from six to nine months, and, so far as appears by the evidence, iwas working during that time. He went to England where he ivas' 'at the time of the trial of this casé in the court of ¿pm *104 mon pleas. He says that he has suffered much pain since he went to England, but, if he was very seriously injured in this transaction, it seems strange that no medical man should testify to that fact.
iSquire, Sanders & Dempsey, for Plaintiff in Error.
,Moble, Finney & Willard, for Defendant in Error.
We are of the opinion, therefore, that the verdict given by the jury, of $550 is too great, and the judgment will be reversed,- and the cause remanded for a new trial unless the defendant in error shall consent to remit $350. If this is done, the judgment for that amount will be affirmed,